UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL LeBLANC (# 445201)                                CIVIL ACTION

VERSUS

ASCENSION PARISH JAIL, ET AL.                             NO. 15-0711-SDD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 7, 2017.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL LeBLANC (# 445201)**                          **CIVIL ACTION**

**VERSUS**

**ASCENSION PARISH JAIL, ET AL.**                       **NO. 15-0711-SDD-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the cross-motions for summary judgment of Plaintiff and Defendant Lt. Kevin Wald (R. Docs. 14 and 15).

*Pro se* Plaintiff, a prisoner previously confined at the Ascension Parish Jail, Donaldsonville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Ascension Parish Jail and Lt. Kevin Wald, complaining that his constitutional rights were violated on May 22, 2015, when Defendant Wald subjected him to excessive force on that date.[1]

Plaintiff moves for summary judgment relying upon the pleadings and a copy of the Ascension Parish Jail Inmate Hand Book.

Defendant Wald moves for summary judgment relying upon the pleadings, a Statement of

---

1    Whereas service upon the Ascension Parish Jail was purportedly accepted by Warden Paul Hall, *see* R. Doc. 7, the defendant Jail is not properly before the Court. Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as the Ascension Parish Jail to sue or be sued is determined by the law of the state in which the district court sits. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). Further, pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. The Ascension Parish Jail is not a person within the meaning of this statute. *See, e.g., Castillo v. Blanco*, 2007 WL 2264285, *4 (E.D. La., Aug. 1, 2007) (finding that a state prison is not a person within the meaning of this statute). *See also Glenn v. Louisiana*, 2009 WL 382680, *2 (E.D. La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"). Accordingly, Plaintiff fails to state a claim upon which relief may be granted relative to the Ascension Parish Jail, and this Defendant is subject to dismissal from this proceeding as a matter of law.

Uncontested Material Facts, the sworn Declaration of Capt. Jude Richard, a copy of the written Offender Grievance Procedure at the Ascension Parish Jail, and a copy of Plaintiff's pertinent administrative remedy proceedings.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in

the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In response to Plaintiff's Complaint in this case, Defendant Kevin Wald contends that Plaintiff's claim should be dismissed because Plaintiff has failed to exhaust administrative remedies that were available to him prior to bringing the instant lawsuit. In this regard, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has expressly held that the exhaustion requirement contained in § 1997e is "mandatory," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and that it "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. A properly exhausted claim is one that has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). It is further clear that failure to exhaust is an affirmative defense on which Defendants must bear the burden of proof. *See Abbott v. Babin*, 587 Fed. Appx. 116, 118 (5th Cir. 2014) ("When defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted"). *See also Morgan v. Texas Department of Criminal Justice McConnell Unit*, 537 Fed. Appx. 502, 508 (5th Cir. 2013) (same); *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (noting that prison officials "must establish beyond peradventure all of the essential elements of the defense of exhaustion").

In support of the assertion that Plaintiff has failed to exhaust available administrative

remedies, Defendant has attached a copy of the Ascension Parish Jail Offender Grievance Procedure that describes the administrative procedure that is available to prisoners confined at that facility. *See* R. Doc. 14-4. This written policy, with one exception, is essentially consistent with the Ascension Parish Jail Inmate Hand Book that is apparently provided to prisoners at the facility and that has been attached as an exhibit to Plaintiff's Motion for Summary Judgment. *See* R. Doc. 16 at pp. 24-27. The Inmate Hand Book includes greater procedural detail regarding the prison administrative process and describes a two-step process (an initial response to the prisoner's grievance, followed by a "Warden's Review" if the prisoner is not satisfied), while the written Offender Grievance Procedure describes a three-step process (including a third "Sheriff's Review" following the first two steps).[2]

It is undisputed that Plaintiff commenced an initial administrative grievance relative to the events complained of by submitting a grievance form to prison officials. *See* R. Doc. 14-4 at p. 6. Although Plaintiff did not provide a date on the grievance form itself, he appears to assert that the grievance was filed in July, 2015 because he states in his Complaint that the pending grievance had been "filed sense [sic] 7-2015." *See* R. Doc. 1 at p. 3.[3] Plaintiff further states in his Complaint that there has been "no response" to his grievance. Notwithstanding this latter

---

[2] Based upon the ultimate conclusion of the Court, discussed below, that Plaintiff has failed to refute Defendant's showing that Plaintiff failed to properly proceed to the *second* step of the administrative process in this case, the Court need not address the parties' assertions regarding whether there is a two-step or three-step administrative process at the Ascension Parish Jail. The Court notes, however, that the above-noted inconsistency between the Inmate Hand Book – that is provided to prisoners and that describes only a two-step process – and the Jail's written Offender Grievance Procedure – that describes a three-step process – may make it difficult for the prison to continue to assert that there is a three-step process at the facility.

[3] Pursuant to the Inmate Hand Book, an administrative grievance must be commenced by submitting same to prison officials within thirty days of the incident complained of. To the extent that Plaintiff appears to have submitted his grievance to prison officials in July, 2015, complaining about an incident that allegedly occurred on May 22, 2015, it appears that the grievance may have been untimely and could have been rejected for that reason.

assertion, the administrative record reflects that prison officials did in fact prepare a written first-step Response to Plaintiff's grievance on or about July 30, 2015, *see* R. Doc. 14-4 at p. 6, and it appears that an attempt was made to deliver the Response to Plaintiff on or about August 4, 2015. *See id*. Plaintiff concedes as much because he acknowledges that a prison officer came to his cell on an unspecified date and requested that he sign an acknowledgement form, at which time Plaintiff admittedly declined to do so until the purpose of the form was explained to him. *See* R. Doc. 15-1 at p. 1. Whereas Plaintiff disagrees with the statement that is hand-written by the officer on the form, indicating that Plaintiff "refused to sign," and whereas Plaintiff argues that he did not "refuse" to sign but merely requested clarification and explanation from a supervising official before doing so, the Court concludes, as explained hereafter, that this is a distinction without a difference for purposes of finding that Plaintiff failed to exhaust his administrative remedies in this case.

Pursuant to the Inmate Hand Book, there were only two methods by which Plaintiff could have proceeded to the second step of the administrative process, or "Warden's Review," after he commenced his administrative grievance. First, when the First Step Response form was apparently proffered to him on or about August 4, 2015, he could have signed the form indicating that he had received the First Step Response and then returned the form to prison officials within five days indicating that he was not satisfied with the Response and wanted further review. *See* R. Doc. 16 at p. 27. This, of course, Plaintiff admittedly did not do because he has stated that he did not sign the form that was proffered to him and so did not receive his First Step Response. Second, upon the passage of thirty days after submitting his initial administrative grievance to prison officials and upon not receiving a timely response thereto within that 30-day period, Plaintiff could have, within five days thereafter, unilaterally submitted a Request for Warden's

Review to prison officials. *See id*. Defendant, however, has attested that no such Request for Warden's Review was submitted, and there is no evidence properly before this Court that reflects that Plaintiff undertook such action within the limited time allowed by the administrative rules. Specifically, Plaintiff has not provided the date upon which he submitted his initial grievance to prison officials, nor has he provided the date upon which he submitted any subsequent Request(s) for Warden's Review if he in fact did so. Thus, the Court is unable to ascertain whether Plaintiff complied with the time limits incorporated in the procedural rules. Nor has Plaintiff provided the Court with a copy of any purported Request(s) for Warden's Review so as to substantiate his assertion that he submitted same to prison officials and thereby proceeded to the second step of the process. Finally, whereas Plaintiff makes a conclusory assertion that he submitted one or more Requests for Warden's Review to prison officials, *see* R. Doc. 15-1 at p. 1, Plaintiff's assertion in this regard, in addition to being conclusory, is not sworn and so is not properly before the Court for consideration on motion for summary judgment. As noted above, the party opposing a motion for summary judgment may not rely upon mere conclusory statements or unsworn assertions. *See Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. *See also Teixeira v. Gregg County Jail*, 74 Fed. Appx. 388 (5th Cir. 2003) (upholding a grant of summary judgment in favor of Defendants where Plaintiff failed to offer competent evidence that he proceeded to subsequent steps of the administrative process). In contrast, Defendant has provided a sworn assertion that no request for Warden's review was ever received by prison officials, either within the limited time period allowed by prison rules or at any other time. *See* R. Doc. 14-3 at p. 2. As in *Teixeira, supra*, Plaintiff's unsubstantiated assertion that he filed a request for Warden's Review "is not sufficient to sustain his evidentiary burden" and defeat Defendant's Motion for Summary Judgment. Based on the foregoing, therefore, the Court finds that Defendant Wald has

effectively met his burden of proof in showing that Plaintiff failed to properly exhaust his available administrative remedies in this case. Plaintiff's unsworn conclusory assertion to the contrary amounts to little more than a "scintilla of evidence" that is not sufficient to overcome Defendant's showing. *See Little v. Liquid Air Corp.*, *supra* 37 F.3d at 1075.

## **RECOMMENDATION**

It is recommended that Plaintiff's claims asserted against the Ascension Parish Jail be dismissed because this Defendant does not have the capacity to be sued in federal court. It is further recommended that Plaintiff's Motion for Summary Judgment (R. Doc. 15) be denied and that the Motion for Summary Judgment of Defendant Kevin Wald (R. Doc. 14) be granted, dismissing Plaintiff's claims asserted against Defendant Wald, without prejudice, for failure of Plaintiff to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on July 7, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**